MEMORANDUM **
James Whittenberg, a California state prisoner, appeals pro se from the district court’s summary judgment for defendant Roll in his 42 U.S.C. § 1983 action alleging that Roll retaliated and discriminated against him by reclassifying his prison job from a paid to an unpaid position. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir.2002), and we affirm.
The district court properly granted summary judgment because Whittenberg failed to raise a genuine issue of material fact as to whether Roll took an adverse retaliatory action against him, see Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2005) (holding that a prisoner alleging retaliation must show, inter alia, that a state actor took adverse action against him because of the prisoner’s protected conduct), or had discriminatory intent, see Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 754 (9th Cir.2001) (“To avoid summary judgment [on an Equal Protection claim, a plaintiff] must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the decision was racially motivated.”).
The district court did not abuse its discretion in denying Whittenberg’s motions for appointment of counsel. See Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.1990) (finding no abuse of discretion where the “exceptional circumstances” warranting appointment of counsel were not present).
Whittenberg’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.